## The State *vs.* Nathaniel C. Bishop.

In an indictment on the Statute prohibiting the sale of lottery tickets, giving the accused the addition of *lottery vender*, when his proper addition was *broker*, furnishes good cause for abating the indictment.

Exceptions from the Court of Common Pleas, Perham J. presiding.

This was an indictment against *Bishop*, on the statute prohibiting the sale of lottery tickets. *Bishop* filed a plea in abatement to which the County Attorney demurred. The case will be sufficiently found in the opinion of the Court.

*Cutting*, for *Bishop*, to show that a proper addition is necessary, cited *Davis' Justice*, 22; 1 *Christ. Black. Com.* 407, note; *ib.* vol. 3, 302; *ib.* vol. 4, 306; *Rev. Stat. c.* 63; 2 *Ed. Story's Plead.* 92, and cases cited; *Stat. Hen.* 5, c. 5; *Gould's Pl.* 256; 1 *Kent's Com.* 472. But the addition in this indictment is no ad-

State *v.* Bishop.

dition recognized in law. It is an epithet calculated to prejudice the jury, assuming as proved the very issue to be tried on the plea of not guilty. 1 *Chitty's Cr. Law*, 171.

*Clifford*, Attorney General, for the State, said, that he did not consider his duty required him to make any reply.

The opinion of the Court was drawn up by

EMERY J. — The defendant, instead of repelling the accusation by a denial of it, and proceeding to trial on the merits, has chosen to plead in abatement, that his true addition is that of a broker, and not a lottery vender, as he was styled in the indictment. To this plea there was a general demurrer in behalf of the State. The plea was overruled. The defendant was ordered to answer over ; exceptions were made by his counsel, and the matter is before us on the exceptions.

We do not profess any particular solicitude to favor pleas of this description, because they are in their nature dilatory. In civil cases it has been said, that the Court cannot hold too strict a hand over them, as they are calculated to defeat the justice of the case. Yet when such pleas are regularly before us we must deal with them according to the settled principles of law.

It is necessary in indictments, that not only all the ingredients of the offence with which the defendant is charged should be set forth with certainty and precision, but that it should be certain as to the party indicted. Thus, if one's name be *Richard James*, and he be named in the indictment *James Richard*, it is a misnomer and may be pleaded in abatement. *Jones* v. *Macquillan*, 5 *T. R.* 195. The misplacing of the names makes them as different from the real names, as the substitution of any other instead of them.

The addition to be given to the defendant, of his estate, or degree, or mystery, is required by the *stat.* 1 *Hen.* 5, *c.* 5, and also the addition of the town, hamlet, or place, and county, of which the defendant was or is, or in which he is or was commorant.

According to old authorities, these additions should be added after the first name, and not after the *alias dictus*. 2 *Inst.* 699 ; 3 *Salk.* 20. Though, if an addition be given to the name after the *alias dictus*, it may be rejected as surplusage. *Hawk. b.* 2, *c.*

25, § 71. This statute, according to *Dane,* was adopted as part of our common law.

Estate and degree mean the same thing, the defendant's rank in life. And according to the decisions under that statute, a Duke, Marquis, Earl, Viscount, or Baron, was to be named by his christian name only, and his name of dignity, as *John,* Duke of M. 2 *Inst.* 669. But by some strange want of courtesy, notwithstanding their great love of titles, it did not extend to foreign noblemen, who were entitled in *England* only to the addition of Esquire. 2 *Leach,* 547 ; 2 *Hawk. c.* 23, § 109. Unless they should happen to be *knights,* in which case they should be named so. 2 *Inst.* 667.

Mystery means the defendant's trade, art or occupation ; such as merchant, mercer, tailor, painter, clerk, schoolmaster, husbandman, laborer or the like. 2 *Hawk. c.* 23, § 111.

If a man have two trades, he may be named of either. And the degree or mystery must be stated as that to which the defendant was entitled at the time of the indictment. 2 *Inst.* 670.

The demurrer admits that the defendant was not a lottery vender. But the defendant complains principally, that " lottery vender is no addition recognized by the law, but is an *epithet* calculated to prejudice the jury ; assuming as proved, the very issue which is to be tried, on the plea of not guilty."

If such *addition* be calculated to cast unjust opprobrium on the defendant, he would be justified in feeling sensitive on the occasion. He professes to think so. And as the demurrer admits the untruth of the description, and as we do not find the addition among those recognized in the law, we adjudge the plea in abatement good, and that the defendant go of this indictment without day.